**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAL SPERAZZA and EUGENE
SPERAZZA, her husband,

    Plaintiffs,

        v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

CIVIL ACTION NO. 3:05-CV-1702

(JUDGE CAPUTO)

## MEMORANDUM

Before me is Motion of the Petitioners, Dal Sperazza and Eugene Sperazza for Remand to the Court of Common Pleas of Luzerne County. (Doc. 8.) The motion seeks to remand a Petition for Appointment of a Neutral Arbitrator which was timely removed by the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm").

The parties do not question the elements of diversity jurisdiction, i.e. diverse citizenship and the amount in controversy. Rather, the dispute centers on the language of the policy and the effect of the agreed upon (in the policy) applicability of the Uniform Arbitration Act of 1927, P.L. 381, No. 248, 5 P.S. § 160, et seq.

## DISCUSSION

Plaintiff, Dal Sperazza, was in an auto accident on July 19, 2004. Plaintiffs had the subject automobile insurance policy issued by State Farm which had underinsurance coverage as well as a method to resolve disputes concerning such coverage.

The policy (Ex. D to Doc. 80) provides for dispute resolution as follows:

Two questions must be decided by agreement between the *insured* and us.

    1.    Is the *insured* legally entitled to collect compensatory damages from the owner or driver of an *uninsured motor vehicle* or *underinsured motor vehicle*; and

    2.    If so, in what amount?

If there is no agreement, these two questions shall be decided by arbitration at the request of the *insured* or us.  The arbitrators' decision shall be limited to these two questions.  The arbitrators shall not award damages under this policy which are in excess of the limits of liability of the coverage as shown on the declarations page.  The Pennsylvania Arbitration Act of 1927 shall apply**.**

Each party shall select a competent arbitrator. These two shall select a competent and impartial third arbitrator.  If unable to agree on a third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one.  The written decision of any two arbitrators shall be binding on each party.

The Act of 1927, 5 P.S. § 163 provides, in part:

The party aggrieved by the alleged failure, neglect, or refusal of another to perform under a written agreement for arbitration, may petition the court of common pleas of the county having jurisdiction for an order to show cause why such arbitration should not proceed in the manner provided for in  such agreement.

The Act of 1927, 5 P.S. § 164 provides, in part:

If in the agreement provision be made for a method of naming or appointing arbitrators or an umpire, such method shall be followed, but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of arbitrators or an umpire or in filling vacancy, . . . upon the application of either party to the controversy, the court shall designate and appoint arbitrators, or an umpire, as the case

> may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein, and, unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator.

The Act of 1927, 5 P.S. § 168 provides, in part:

> Except as otherwise specifically indicated, all references in this act to the courts are to be construed to mean the common pleas courts of  the county having jurisdiction of the parties or the subject matter.  If prior to the award, any court of common pleas shall have entertained any motion in respect to said arbitration, such court shall retain jurisdiction, and all subsequent proceedings shall be filed in said court.

In response to a Rule to Show Cause why a neutral arbitrator should not be appointed, the Court of Common Pleas of Luzerne County met with the parties on August 15, 2005, and encouraged them to select a neutral arbitrator within ten days.  On August 19, 2005, the Petition for Appointment of a Neutral Arbitrator was removed to this Court.

This matter turns on whether the policy language incorporating the Pennsylvania Arbitration Act of 1927 conflicts or can be reconciled with the policy language to the effect that if the parties are unable to agree on a third arbitrator, either "may request a judge of a court of record in the county where the arbitration is pending to select a third one."  In my view, they can be reconciled.

Under Pennsylvania law, the interpretation of an insurance contract is a question of law, *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999), which is "governed by the principles applicable to the interpretation of contracts generally." *Piper Aircraft Co. v. Ins. Co. of N. Am.*, 453 A.2d 732, 734 n.1 (Pa. Commw. Ct. 1982).  The Court's primary task is to ascertain the intent of the parties to the insurance contract at issue. *Kvaerner Metals v. Commercial Union Ins. Co.*, 825 A.2d 641, 647 (Pa. Super. Ct. 2003).

3

To discern the intent of the parties, the Court must look to the words of the instrument. *Mohn v. Am. Cas. Co.*, 326 A.2d 346, 351 (Pa. 1974). Moreover, the Court must give effect to the clear language of the policy, *Kvaerner*, 825 A.2d at 647-48, avoiding ambiguity when possible, *Curbee, Ltd. v. Rhubart*, 594 A.2d 733, 735 (Pa. Super. Ct. 1991).

Whether a provision is ambiguous is a matter of law for the Court. *St. Paul Fire and Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 (3d Cir. 1991). A provision of an insurance policy is ambiguous "if reasonably intelligent persons, considering it in the light of the entire policy, can honestly differ as to its meaning." *Id.* The United States Court of Appeals for the Third Circuit has also held that a "policy provision is ambiguous if it is reasonably susceptible to more than one interpretation." *The Med. Protective Co. v. Watkins*, 198 F.3d 100, 103 (3d Cir. 1999). Moreover, in rendering its determination, the Court "may consider 'whether alternative or more precise language, if used, would have put the matter beyond reasonable question.'" *County of Delaware v. J.P Mascaro & Sons, Inc.*, 830 A.2d 587, 591 (Pa. Super. Ct. 2003) (quoting *Celley v. Mut. Health & Accident Assoc'n*, 324 A.2d 430, 435 (Pa. Super. Ct. 1974)). Ambiguity does not exist merely because the parties disagree on the proper construction. *Burton v. Republic Ins. Co.*, 845 A.2d 889, 893 (Pa. Super. Ct. 2004). When confronted with true ambiguity, the Court must construe the provision in favor of the insured. *Curbee*, 594 A.2d at 735.

If there were no policy language regarding the selection of a third arbitrator, the answer would be clearly in favor of remand because the parties have agreed that the Act of 1927, albeit repealed, governs the dispute resolution. *See Monte v. Southern Delaware County Authority*, 321 F. 2d 870, 874 (1963).

4

Defendant argues that the language which speaks of requesting a "judge of a court of record in the county in which the arbitration is pending to select a third one" includes a federal district judge, and in so doing, directs my attention to *Redding v. State Auto. Mut. Ins. Co.*, No. 91-1106, 1991 U.S. Dist. LEXIS 8856 (E.D. Pa. June 26, 1991) and *LIU v. Motorist Mut. Ins. Co.*, No. 93-1541, 1993 U.S. Dist. LEXIS, 7757 (E.D. Pa. June 3, 1993). In each of those cases, the court held that a federal district judge could appoint the third arbitrator. In each of those cases, the parties agreed in the policy that when they could not agree on the appointment of a third arbitrator, the selections could be made by a "Judge of a Court having jurisdiction." *Redding,* 1991 U.S. Dist. LEXIS at *1 and *LIU*, 1993 U.S. Dist. LEXIS at *1. Here, the policy language is "a judge of a court of record in the county in which the arbitration is pending . . . ." The United States District Court for the Middle District of Pennsylvania is a court of record in Luzerne County. In my view the policy language includes this Court.

However, the policy says the Pennsylvania Arbitration Act of 1927 shall apply. Section 18 of the Act provides "If prior to the award, any court of common pleas shall have entertained any motion in respect to said arbitration, such court shall retain jurisdiction, and all subsequent proceedings shall be filed in said court." Since there is an agreement that the Act of 1927 shall apply, this provision constitutes an agreement that the Court of Common Pleas of Luzerne County retains jurisdiction of the case if it has entertained a motion prior to an award. In this matter, it did indeed entertain a motion for rule to show cause why a neutral arbitrator should not be appointed. Therefore, by agreement of the parties, even though a federal court may be a court of record in Luzerne County while addressing the appointment process, the fact that a prior motion was presented to the Court of Common

Pleas, leaves jurisdiction in that court.

While the language "court of record in the county where the arbitration is pending" includes this Court, that language cannot be read to defeat the agreement of the parties that the provisions of Section 18 of the Act of 1927 as to jurisdiction apply.  Therefore the parties have agreed that even though this Court is a court of record within the meaning of the policy, the parties have agreed that once action was instituted in the Court of Common Pleas of Luzerne County, jurisdiction remains in that court for subsequent proceedings.

For the foregoing reasons, the motion for remand will be granted.


February 6, 2006                                         /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAL SPERAZZA and EUGENE SPERAZZA, her husband,<br><br>    Plaintiffs<br><br>      v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant. | NO. 3:05-CV-1702<br><br>(JUDGE CAPUTO) |

## ORDER

NOW, this 6th day of February, 2006, IT IS HEREBY ORDERED that Motion of the Petitioners, Dal Sperazza and Eugene Sperazza for Remand to the Court of Common Pleas of Luzerne County (Doc. 8) is **GRANTED.**

The Clerk of Court is directed to close this case and remand to the Court of Common Pleas of Luzerne County.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge